IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REGINALD DON LIGONS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. CIV-23-190-GLJ |
| v. | ) |
| | ) |
| **FRANK J. BISIGNANO,**[1] | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER AWARDING
### ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying his request for benefits. The Court granted the Social Security Administration's unopposed Motion to Remand, reversing the Commissioner's decision and remanding the case for further proceedings [Docket Nos. 18-19]. On remand, the Administrative Law Judge ("ALJ") found that Plaintiff was disabled and awarded him past-due benefits. Plaintiff's attorney now seeks an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 24] should be granted and that Plaintiff's attorney should be awarded $18,485.00 in attorney's fees.

---

[1] On May 6, 2025, Frank J. Bisignano became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted for Kikolo Kijakazi as the Defendant in this action.

The Court must initially determine if the motion at issue is timely. Section 406(b) does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit has instructed that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the Notice of Award. *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). In this district, "a reasonable time" means within thirty days of issuance of the Notice of Award unless there is good reason for a lengthier delay. *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n.4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). The motion for attorneys' fees in this case was filed on June 16, 2025, forty days after the Notice of Award was issued on May 7, 2025. See Docket No. 24-1. However, Claimant's counsel indicates she was not made aware of the Notice of Award until May 28, 2025, and she submitted her motion within nineteen days of receiving such notice. As such, although the motion was submitted later than thirty days after the issuance of the Notice of Award, in light of counsel's prompt action upon becoming notified of the Notice of Award and the lack of a timeliness objection, the Court finds that the motion for attorney fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $18,485.00, approximately 4.5% of Plaintiff's past-due benefits[2] in accordance with the applicable attorney fee agreement, and the motion was timely. Although the motion was not filed within thirty days following issuance of the notice of award. *See Harbert v. Astrue*, 2010 WL 3238958 at *1 n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). *See also McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee

---

[2] The Notice of Award states that the past-due amount is $73,940.00, making 25% of that $18,485.00.

requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").

The Court therefore need only determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work)); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (courts should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness

of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (citing *Rodriguez*, 865 F.2d at 741).

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $18,485.00 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented Plaintiff in his appeal to this Court and obtained excellent results on his behalf, *i.e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. Plaintiff's success on appeal enabled him not only to prevail in his quest for social security benefits, but also to obtain $6,439.5.00 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 23. This amount received will essentially reduce any amount awarded from his past-due benefits pursuant to Section 406(b). Second, there is no evidence that Plaintiff's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to Plaintiff's attorney, who spent a total of 26.50 hours. *See* Docket No. 20, Ex. 4. This would equate to a rate of $697.55 at most, per hour for attorney time, which is not excessive given that the fee was contingent, and the risk of loss was not negligible. The Court therefore concludes that the requested fee of $4,400.00 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains sufficient funds to pay the $18,485.00 awarded to the Attorney herein under Section 406(b)(1). If, however, for any reason the Commissioner may not have sufficient funds on hand to satisfy the $18,485.00 awarded herein, Plaintiff's attorney will have to recover the difference from Plaintiff

himself, not from his past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $18,485.00 awarded herein pursuant to Section 406(b)(1) exceeds the $6,439.50 previously received by Plaintiff as part of the EAJA fee award, Plaintiff's attorney must refund the latter amount to Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 24] is hereby GRANTED. The Court approves an award of attorney fees in the amount of $18,485.00 to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1) and directs the Commissioner to pay to Plaintiff's attorney the balance of any past-due benefits in his possession up to said amount.

**IT IS SO ORDERED** this 23rd day of June, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**